**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

Twin City Pipe Trades Service
Association, Inc.,  
Civ. No. 09-2623 (JNE/JJK)

Plaintiff,

v.  **REPORT AND RECOMMENDATION**

All Points Mechanical, Inc.,

Defendant.

William A. Cumming, Esq. Hessian & McKasy, counsel for Plaintiff.

No appearance by Defendant.

JEFFREY J. KEYES, United States Magistrate Judge

## INTRODUCTION

This matter is before this Court for a Report and Recommendation to the District Court on Plaintiff's Motion for Default Judgment. *See* 28 U.S.C. § 636(b)(1) and D. Minn. Loc. R. 72.1. This Court held a hearing on the motion on July 2, 2010. William Cumming of Hessian & McKasy appeared for an on behalf of Plaintiffs. There was no appearance by or on behalf of Defendant. For the reasons stated below, this Court recommends that Plaintiff's Motion for Default Judgment (Doc. No. 7), be granted.

## FINDINGS OF FACT

1. Plaintiff Twin City Pipe Trades Service Association, Inc. ("TCPT"), has brought this action against Defendant All Points Mechanical, Inc. ("All Points"), seeking payment of fringe-benefit contributions, liquidated damages, interest, costs, and attorneys' fees.

2. TCPT served the Summons and Complaint on September 29, 2009. (Doc. No. 3.)

3. All Points failed to answer or respond to the Summons and Complaint.

4. TCPT filed an application for entry of default, which the Clerk of Court entered on May 5, 2010. (Doc. No. 6.)

5. TCPT provided, via affidavit, that All Points owes fringe-benefit contributions of $13,114.70 for March 2009, $12,641.95 for April 2009, and $1,693.02 for May 2009. (Doc. No. 10, Affidavit of James Hynes ("Hynes Aff.") ¶ 13.)

6. All Points further owes liquidated damages, pursuant to Mr. Hynes' Affidavit, of $2,744.97. (Hynes Aff. ¶ 14.)

7. Mr. Hynes also testified that All Points owes $892.10 in interest and $3,392.00 for costs and reasonable attorney fees. (Hynes Aff. ¶¶ 15, 16.)

8. Liquidated damages, interest, and costs, including reasonable attorney fees, are mandated by statute under 29 U.S.C. § 1132(g)(2).

## CONCLUSIONS OF LAW

1. All Points defaulted by failing to answer TCPT's Complaint.

2. All Points owes TCPT fringe-benefit contributions of $27,449.67, liquidated damages of $2,744.97, interest of $892.10, and $3,392.00 for costs and reasonable attorney fees.

## RECOMMENDATION

Based on the submissions, files, and records herein, and the arguments of counsel, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's Motion for Default Judgment (Doc. No. 7), be **GRANTED**;

2. Judgment in the amount of $34,478.74 be entered against Defendant All Points Mechanical, Inc., in favor of Plaintiff Twin City Pipe Trades Service Association, Inc.; and

3. Upon adoption of this Recommendation, the District Court will issue an Order for Entry of Judgment.

Dated: July 2, 2010 　　　　　　　*s/ Jeffrey J. Keyes*
　　　　　　　　　　　　　　　　JEFFREY J. KEYES
　　　　　　　　　　　　　　　　United States Magistrate Judge

Under Local Rule 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **July 16, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.